This question has been settled in favor of the appellant. See Smith v. Rentz, 131 N. Y. 169, 30 N. E. 54, 15 L. R. A. 138; also Saal v. Katz, 81 Misc. Rep. 239, 142 N. Y. Supp. 516. The error may have rendered unavailable most important evidence, and was therefore prejudicial, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

PEOPLE v. ARONSON et al.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

1. FALSE PRETENSES ⬅➡7—FALSE STATEMENT TO OBTAIN PROPERTY—STATUTE.

Under Penal Law (Consol. Laws, c. 40) § 1293b, added by Laws 1912, c. 340, providing that one who shall knowingly cause to be made any false statement in writing, with intent that it shall be relied upon, respecting the financial condition of any other person for whom he is acting, to procure the discount of a promissory note, for the benefit of himself, is guilty of a misdemeanor, a husband, who discounted his own note at a bank after securing, as required by the bank, a statement from his wife, which was false, that she considered herself worth $20,000, and also her indorsement to the note, was guilty of violating the act, as in presenting the statement of his wife to the bank he acted for her, and in consequence received the money.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 5–12, 25; Dec. Dig. ⬅➡7.]

2. FALSE PRETENSES ⬅➡7—FALSE STATEMENT TO OBTAIN DISCOUNT—"BENEFIT."

Under Penal Law, § 1293b, a wife, who, in order that her husband might discount with a bank a note which she had indorsed, gave him a written statement, which was false, that she considered herself worth at least $20,000, was guilty of violating the act, since "benefit," as used, does not mean that the person must necessarily receive the money, as it includes credit extended to an indorser upon the strength of his statement.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 5–12, 25; Dec. Dig. ⬅➡7.

For other definitions, see Words and Phrases, First and Second Series, Benefit.]

Appeal from Court of Special Sessions of City of New York.

Harry Aronson and Ida Aronson were convicted of obtaining property by use of a false statement, and they move for a certificate of reasonable doubt. Motion denied, and they appeal. Affirmed.

The following is the opinion of the trial court, by Crane, J., denying certificate of reasonable doubt:

The defendant Harry Aronson applied to the First National Bank of Brooklyn, N. Y., for discount of a note of $1,000 dated November 17, 1913, made by the Portia Cloak Manufacturing Company, Incorporated, and another note for $2,000 dated December 11, 1913, made by the Golden Fleece Knitting Mills. The said Harry Aronson was president of the Portia Cloak Manufacturing Company and did business under the trade name of Golden Fleece Knitting Mills. Both notes were indorsed by his wife, Ida Aronson. The bank refused to discount these notes until Ida Aronson, the indorser, made and filed with it a statement of her assets and liabilities. On November 21, 1913, she signed a statement that she owned No. 142 Monroe street, a three-story brick

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

building in New York, valued at $42,000, mortgaged for $20,000, equity $22,000, and that she had no other liabilities, except the two notes in question. This statement was false, and must have been known to Ida Aronson to be false, as she swore in supplementary proceedings that she had conveyed the property to Monroe & Market Company, a corporation, in September of 1913. The statement furnished the bank, as above stated, contained the following: "I consider myself worth at least $20,000. The above statement is made for the purpose of obtaining credit from the First National Bank of Brooklyn, N. Y., and in consideration of the granting of such credit to me by said bank, it is hereby agreed," etc. The bank refused to give the defendant Harry Aronson money without this statement; it received the statement, and in reliance thereon discounted the two notes. It is proved by positive testimony that Ida Aronson knew this statement to be false. It is proved by circumstantial evidence, viz., the control of the property by Harry, that he, Harry Aronson, knew the statement to be false. By means of the false and fraudulent statement Harry Aronson obtained the bank's money. Section 1293b of the Penal Law makes it a misdemeanor to obtain property or credit by use of a false statement. Both these defendants have been convicted of violating this section.

[1, 2] The defendant's counsel claims the section cannot apply to Harry Aronson, as he made no false statement regarding his own liability, but that of another; second, that it cannot apply to Ida Aronson, as she received no money benefit. Taken apart, this section reads: "Who shall knowingly cause to be made any false statement, in writing, with intent that it shall be relied upon respecting the financial condition of any other person for whom he is acting, for the purpose of procuring a loan or discount of a promissory note for the benefit of himself, is guilty of a misdemeanor." The defendant Harry Aronson is directly within this provision, as in presenting the statement of Ida Aronson to the bank he was acting for her, and in consequence received the money. As to Ida Aronson, the section would read: "Any person who shall make any false statement, in writing, with intent that it shall be relied upon respecting the financial condition of herself for the purpose of procuring the discount of a promissory note, for the benefit of herself, is guilty of a misdemeanor." "Benefit," as used in this section, does not mean that the person must necessarily receive the money, for it includes credit extended to an indorser upon the strength of his statement. An indorser receives benefit from the bank when, in reliance upon his signature and upon his financial statement, the bank extends credit to him by advancing money to another. An indorsement virtually means the giving of the money by the bank to the indorser, who, in turn, pays it over to the maker. By a short cut and means of credit and bookkeeping, the actual money is paid to the maker, instead of indirectly through the indorser. Thus, the indorser receives the benefit.

In my opinion, both these defendants are very fortunate in not having been prosecuted for larceny in obtaining money by means of false pretenses. Motion for certificate of reasonable doubt denied.

Argued before JENKS, P. J., and CARR, STAPLETON, PUTNAM, and MILLS, JJ.

Jacob Manheim, of New York City, for appellants.

Ralph E. Hemstreet, Asst. Dist. Atty., of Brooklyn, for the People.

PER CURIAM. Judgment of conviction of the Court of Special Sessions affirmed, on the opinion of Mr. Justice Crane, denying the motion for a certificate of reasonable doubt.